UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff/Respondent,  v.  LUIS AGUIRRE-JERARDO,  Defendant/Movant. | No. 5:15-CR-72-KKC-REW-4  No. 5:18-CV-44-KKC-REW  RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 21, 2018,[1] Defendant/Movant, Luis Aguirre-Jerardo, filed a *pro se*[2] motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. DE 184 (Motion). Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has conducted its initial review. Based on the Court's initial consideration, in the current posture, it "plainly appears from the motion . . . and the record of prior proceedings that [Aguirre] is not entitled to relief[.]" Rule 4(b). Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** DE 184 **WITHOUT PREJUDICE** and **DENY** a Certificate of Appealability (if applicable).

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Aguirre affirmed under penalty of perjury that he placed the § 2255 motion in the prison mailing system on January 21, 2018. DE 184-1, at 17–18.

[2] Pro se petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

## I.   Relevant Factual and Procedural Background

After accepting Defendant's guilty plea—as to one count of fentanyl distribution resulting in an overdose death—and denying a subsequent motion to withdraw the plea, Judge Caldwell entered judgment on August 17, 2017. The Court sentenced Aguirre to a total term of 336 months of imprisonment, followed by 10 years of supervised release. DE 111 (Minute Entry – Rearraignment); DE 152 (Minute Entry – Motion Hearing); DE 158 (Judgment). Aguirre appealed, and that appeal currently pends before the Sixth Circuit.[3] DE 159 (Notice of Appeal); *see United States v. Luis Aguirre-Jerardo*, Case No. 17-6027 (6th Cir.). Thus, Aguirre seeks § 2255 relief during the pendency of his direct appeal.

## II.   Analysis

The Court conducts a preliminary review of § 2255 motions:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b). If a court dismisses under Rule 4(b), the court should "enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." *Doss v. United States*, 977 F.2d 580, 1992 WL 289587, at *1 (6th Cir. Oct. 14, 1992) (table) (quoting *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982) (*per curiam*)). Aguirre's sole claim alleges

---

[3] Aguirre claims he did not appeal. DE 184 at 1. The record clearly belies that assertion. *See* DE 159.

ineffective assistance by trial counsel during, or preparatory to plea negotiations. DE 184, at 4.[4]

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also* Rules Governing Section 2255 Proceedings, Rule 5, advisory committee note (advising, "the courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision[, and] . . . 'the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.' ") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). An extraordinary circumstance determination balances "the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Aguirre's direct appeal and § 2255 motion attack the same (single-count) conviction. "[D]etermination of [Movant's pending] direct appeal may render collateral attack . . . unnecessary." *Capaldi*, 135 F.3d at 1124 (internal citation omitted). Aguirre identifies no extraordinary circumstance to avoid operation of the Sixth Circuit's default rule in this scenario. The Court sees no basis for concluding that Aguirre's need for speedy relief trumps the presumptive interest in avoiding unnecessary resource expenditure. Indeed, he faces a lengthy prison term and will have a full opportunity to litigate his IAC claim (if not mooted) following direct appeal. Accordingly, the Court

---

[4] Aguirre claims he is "actually innocent" via his memorandum in support but appears to couch the actual innocence contention within the *Strickland* framework. *See* DE 184-1, at 6. In any case, under the analysis in this recommendation, a standalone factual innocence claim would be equally premature.

does not direct further proceedings but instead recommends dismissal of the premature claim under Rule 4(b).

### III. Certificate of Appealability[5]

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).

---

[5] The Court previously confronted circumstances where, as here, the applicability of § 2253 was unclear:
> Whether a dismissal without prejudice qualifies as a § 2253(c) "final order" is debatable here. *See Jones v. Braxton*, 392 F.3d 683, 685 (4th Cir. 2004) (finding a dismissal without prejudice a "final order" because the "district court . . . did not identify any defect that could possibly be cured by mere amendment of the petition"). *But see United States v. Goddard*, No. 07–134–SS–JMH, 2010 WL 3394392 (E.D. Ky. Aug. 24, 2010) (issuing no certificate of appealability because a dismissal without prejudice is not a "final order" and the court did not review the § 2255 motion on the merits) (citing *United States v. Ocampo*, No. 06–20172, 2009 WL 3429606 (E.D. Mich. Oct 20, 2009)).

*Fowler v. United States*, 2012 WL 6765701, at *2 n.4 (E.D. Ky. Dec. 7, 2012), *report and recommendation adopted*, 2013 WL 57025 (Jan. 3, 2013). Subsequent precedent confirms that Certificate denial is appropriate when "the Court recommends dismissal on procedural grounds (*i.e.*, not reaching the merits of [Aguirre's] claims)[.]" *Id.*; *see United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (A "district court's decision [that] effectively terminate[s] the [Movant's] ability to proceed before that court" constitutes a final order under § 2253.). The recommended dismissal is not intended to permanently foreclose relief, but, as a matter of discretion and of judicial efficiency, dismissal is appropriate at this time. Because dismissal practically forecloses Aguirre's ability to proceed—in the current posture—Certificate denial is likewise apt.

For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Aguirre's motion, plainly premature given appeal pendency, presents no issue of reasonable debate per the applicable standards, at this time. Thus, no basis exists for issuance of a Certificate of Appealability.[6]

### IV.     Recommendation

Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** the motion (DE 184) **WITHOUT PREJUDICE** and **DENY** a Certificate of Appealability.

\* \* \* \* \*

The Court makes this ruling within the District Court's standing referral and 28 U.S.C. § 636. Because the ruling resolves a non-dispositive aspect of the case, the Court issues the ruling under § 636(b)(1)(A). An objecting party may appeal under (b)(1)(A) and the mechanics of Rule 72(a), borrowed through Rule 81(a)(4). Thus, the parties should consult Rule 72(a) for appeal rights and mechanics. Failure to object to a ruling normally waives any right to appeal as to that ruling. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[6] Aguirre requests an evidentiary hearing. DE 184-1 at 3. The Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing right arises "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). The prematurity of the § 2255 means that the hearing analysis also is premature. If Aguirre files a proper § 2255 motion post-appeal, the Court will assess the need for a hearing in that context.

To the extent required, this Recommended Disposition gives Movant explicit prior notice of the recommendation of dismissal, made under Rule 4(b). *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Movant has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 6th day of February, 2018.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge