UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> V. <br><br> LUIS AGUIRRE-JERARDO, <br>     Defendant. | CRIMINAL NO. 5:15-72-KKC <br><br> **OPINION AND ORDER** |

\* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion to vacate his sentence (R. 211) under 28 U.S.C. § 2255. The magistrate judge recommends that the motion be denied. (R. 243, Recommendation.)

The defendant, Luis Aguirre-Jerardo, pleaded guilty to distributing fentanyl resulting in an overdose death. By judgment dated August 17, 2017, the Court sentenced him to a prison term of 336 months (DE 158, Judgment.)

With his § 2255 motion, Aguirre-Jerardo argues that his counsel was ineffective for allowing him to plead guilty to a crime for which "there was no factual basis." Aguirre-Jerardo argued in his § 2255 motion that he admitted only selling heroin to a middleman; he did not admit selling the fatal dose directly to the victim. Thus, Aguirre-Jerardo argued, there was no factual basis to support his conviction. The magistrate judge rejected this argument, noting that the Sixth Circuit has ruled that a conviction for distributing fentanyl resulted in an overdose death does not require that a defendant deliver the drug directly to the victim. *United States v. Davis*, 970 F.3d 650, 657 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1108 (2021).

In his objections to this ruling, Aguirre-Jerardo presents a different argument. He argues that his counsel failed to determine if the middleman altered the drugs before giving them to the victim. First, Aguirre-Jerardo has waived this argument because he failed to raise it before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000). Second, this argument fails on the merits. There is no basis for the Court to find that the middleman altered the drugs. Accordingly, the Court cannot find that Aguirre-Jerardo's counsel was deficient in failing to investigate this possibility or that Aguirre-Jerardo was prejudiced by that failure. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In his § 2255 motion, Aguirre-Jerardo also argues that his counsel was deficient for failing to advise him of "critical, exculpatory evidence." Aguirre-Jerardo argues that the toxicologist's report did not establish fentanyl as the but-for cause of the victim's death. The magistrate judge rejected this argument, explaining that, on Aguirre-Jerardo's direct appeal, the Sixth Circuit had determined that the toxicology report was sufficient evidence that the fentanyl was an "independent, sufficient cause of the victim's death." (R. 197.) Thus, the magistrate judge determined that Aguirre-Jerardo was attempting to relitigate an issue already conclusively determined by the Sixth Circuit.

In his objections, Aguirre-Jerardo argues that he is not relitigating an argument about the evidence against him but is instead arguing that his counsel failed to appropriately advise him about that evidence. His complaint, however, is that his attorney failed to advise him that there was not sufficient evidence that the victim died because of fentanyl. The Sixth Circuit has determined sufficient evidence did exist. Thus, the Court cannot find that Aguirre-Jerardo's counsel was deficient for failing to advise him to the contrary, or that he was prejudiced by any such failure.

For all these reasons, the Court hereby ORDERS as follows:

1) the Report and Recommendation (R. 243) is ADOPTED as the Court's opinion;

2) the defendant's motion to vacate under 28 U.S.C. § 2255 (R. 211) is DENIED;

3) a certificate of appealability will not be issued, the defendant having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

4) a judgment consistent with this order and the Report and Recommendation will be entered.

This 2nd day of May, 2022.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY